UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
CLARICE E. BELL

Debtor

Chapter 13

Case No. 01-23220

CLARICE E. BELL

Plaintiff

v.

WANDA L. NURSE

Defendant

Adversary Proceeding

No. 05-2056

APPEARANCES:

Theodore A. Lubinsky, Esq.
    621 Farmington Avenue, Hartford, CT 06105
    Counsel for Plaintiff - Debtor

Wanda L. Nurse
    201 W. Main Street, Niantic, CT 06357
    Pro Se Defendant

## MEMORANDUM OF DECISION

KRECHEVSKY, U.S.B.J.

### I.

### ISSUE

The matter before the court is a complaint filed on June 13, 2005 by Clarice E. Bell ("the debtor"), a Chapter 13 debtor, against Wanda L. Nurse ("Nurse"), the debtor's daughter, to have a quitclaim deed from the debtor to Nurse for property known as 45 Simmons Road, East Hartford, Connecticut ("the property") "be declared

null and void." (Complaint at 2.) Nurse, appearing pro se, filed a letter answer representing, in essence, that the property rightfully belonged to her and requested the court "to ... allow the quitclaim to stand." (Answer at 3.) At the hearing on the complaint, the debtor and Nurse were the sole witnesses.

## II.

## BACKGROUND

The debtor, represented by counsel, filed a Chapter 13 bankruptcy case on October 19, 2001. In her schedules,[1] she listed ownership of the property, subject to secured claims totaling $214,043, consisting of three mortgages and tax and judgment liens. On the debtor's motion to determine secured status of claims, the court, in an order dated March 12, 2002, found the fair market value of the property to be $125,000, and only the tax liens totaling $3,287 and the first mortgage up to $121,713 to be secured, with the remaining balance of liens to be unsecured.

The court, on March 20, 2002, confirmed the debtor's Chapter 13 plan ("the plan") in which she agreed to make monthly payments of $2,778 over 60 months to the Chapter 13 trustee. The debtor is current with her plan payments, and her case remains open.

The plan provides for payment in full of the allowed secured claims and 100 percent payment of unsecured claims. The plan, in ¶8, further provides, in relevant part: "Title to the debtor's property shall revest in the debtor upon dismissal of the case or the closing of the case...." Nurse sent the court a letter, dated January 21, 2002,

---

[1] "It is generally accepted that a bankruptcy judge may take judicial notice of the bankruptcy court's records." Russell, Bankruptcy Evidence Manual, §201.5 (2007 ed.).

2

endorsing the plan and stating, inter alia:

> I'm asking that you ... grant my mom (sic) that she be able to keep her home. My mom recently had so much work done to the home, such as new roof, new aluminum siding, new bath, new appliances all within 1 year and rebuilt deck.... My mom desire everything she can to keep this property. The home has been with the family since 1990. However, I quitclaimed it to my mom in 1995 after I divorced.

At trial, the debtor testified that, on May 23, 2005, Nurse came to the debtor's home and asked her to sign a paper that was needed for the debtor's purchase of a car. The debtor signed the paper unaware that it was a quitclaim deed and she had no intent to transfer the property to Nurse. Nurse testified she advised the debtor that the document, drafted by Nurse, was a quitclaim deed of the property to Nurse, and the debtor thereafter signed the quitclaim deed dated May 23, 2005, and recorded by Nurse on the East Hartford land records on May 27, 2005 in Volume 2573, Page 298.

### III.

### CONCLUSION

The court credits the testimony of the debtor and concludes the debtor never intended to quitclaim the property to Nurse on May 23, 2005. The transfer violated the terms of the plan in that, until consummation of the plan, title to the property remained with the Chapter 13 trustee. See 11 U.S.C. §1322(a)(9) (as applied in ¶8 of plan). A valid transfer may deprive the debtor of the benefits of consummation of her plan to which she has faithfully adhered for over four and a half years. A judgment will enter avoiding the purported transfer and declaring the quitclaim deed null and void. See 11 U.S.C. §549(a) (an unauthorized postpetition transfer is avoidable[2]).

---

[2] Courts in this district have consistently held that a Chapter 13 debtor has standing to bring an avoidance action. See, e.g. F.N.M.A. v. Fitzgerald (In re

3

Dated at Hartford, Connecticut this 14th day of December, 2006.

                          /s/ Robert L. Krechevsky
                          ROBERT L. KRECHEVSKY
                          UNITED STATES BANKRUPTCY JUDGE

---

Fitzgerald), 237 B.R. 252, 263 (Bankr. D.Conn. 1999); Ottaviano v. Sorokin & Sorokin, P.C. (In re Ottaviano), 68 B.R. 238, 240 (Bankr. D.Conn. 1986).